### MATTOCKS and others *v.* LOVERING and others.

(*Circuit Court, D. Massachusetts.* July 24, 1880.)

1. INSOLVENCY—SALE OF DEBT—SET-OFF.—It is not unlawful for the creditor of an insolvent to sell his debt to the debtor of such insolvent, although it be purchased for the purpose of being used in set-off.

In Equity.    Motion to Amend.

LOWELL, C. J.    The complainants, assignees in bankruptcy of Norris, Hull & Co., of Portland, brought this bill against Stoddard, Lovering & Co., of Boston, in 1875, alleging that the defendants, in February, 1874, after they knew of the insolvency of Norris, Hull & Co., and when one of the defendants was acting upon a committee of creditors of that firm to advise whether they should be made bankrupts, sold certain notes of the insolvent firm to Cady & Co., of Cleveland, Ohio, well knowing that said Cady & Co. were indebted to the insolvents; that the Portland firm were soon after made bankrupts; and that the plaintiffs, as their assignees, had demanded payment of the debt due from Cady & Co., but had been met with the defence of a set-off; that it was a fraud upon the bankrupt law for the defendants to sell their debt under such circumstances, and that they were, in equity, bound to pay to the assignees whatever sum they had received from Cady & Co. beyond the amount of the dividend which they would have received from the estate of Norris, Hull & Co.    They alleged that the sale to Cady & Co. was colorable.

In April, 1876, Judge Shepley sustained a demurrer to the bill and ordered it to be dismissed, without costs.    He soon after vacated the order of dismissal, and permitted the case to remain upon the docket; and the complainants now move to amend.

In his short opinion sustaining the demurrer Judge Shepley says that equity would not permit a set-off to be made by Cady & Co. of a debt colorably bought, or even of a debt bought after knowledge of the insolvency, and, therefore, there was no occasion to sue the defendants.    The plaintiffs,

thereupon, sued Cady & Co., in the circuit court of the United States for the northern district of Ohio, for the debt which they owed the bankrupts; but the court there (*Baxter* and *Welker*, JJ.) held that Cady & Co. had a right to set off the notes which they had bought of the present defendants. The case is reported in 7 American Law Record, 612, *et seq.*, published at Cincinnati, in April, 1879. The court found that Cady & Co. really bought the notes, and that it was not proved that they knew of the insolvency of Norris, Hull & Co.; but they added that if they did know this it would make no difference, agreeing on this point with Judges Hoffman and Swing, in the cases presently to be cited.

The plaintiffs move to amend by alleging, instead of a colorable sale by the defendants to Cady & Co., one which was actual, and enabled a set-off to be made, whereby the defendants gained an advantage at the expense of the general creditors.

In my opinion this amendment would not avail the plaintiffs. There is no law, that I am aquainted with, which makes it illegal or inequitable for a creditor of an insolvent to sell his debt, though it should be to a person who may use it in set-off. It is, I agree, a mooted question, not yet passed upon by the supreme court, whether a debt bought after knowledge of the actual insolvency of the debtor, and before his technical bankruptcy, can be set off. It has been held by two courts, of high authority, to be contrary to the spirit of the statute of bankruptcy, (*Smith* v. *Hill*, 8 Gray, 572; *Hitchcock* v. *Rollo*, 3 Biss. 276,) and was Judge Shepley's opinion in the case at bar, though not essential, I think, to his decision. But, unfortunately, the spirit of a statute must be controlled by its terms; and the act of 1867, § 20, (14 St. 526,) excepted from the right of set-off only such debts as were bought after the petition was filed,—that is, after the technical bankruptcy; and *expressio unius*, etc. This was the ground of a most able, and, to my mind, conclusive opinion, by Judge Hoffman, (*The City Bank*, 6 N. B. R. 71;) which agrees with the decision of *Baxter* and *Welker*, JJ., *ubi supra*, and with *Hovey* v. *Home Ins. Co.* 10 N. B. R. 224. In this

last case the assignees were advised by able counsel, with my approval, to settle on the best terms they could obtain, rather than press the appeal which they had taken to the supreme court. Then came the act of 1874, § 6, (18 St. 179,) which added another exception, that in an involuntary case the set-off should not be made if the debt was bought after knowledge of the act of bankruptcy, and with a view to such set-off, which clinched the argument as to the expression of the exceptions intended to be made. *Lloyd* v: *Turner*, 5 Sawyer, 463. In the case at bar the debt was sold and the bankruptcy occurred before the statute of 1874 was passed.

But, whichever way this point should be decided, the defendants were free to sell their notes to any one who would buy them, whether that purchaser could or could not use them in set-off. If he could so use them there was no wrong done; if he could not, there was (as Judge Shepley very properly decided) no injury.

Besides, this application is made more than four years after the demurrer was sustained, and more than a year after the case in Ohio was decided, and more than four years after an original action by the plaintiffs, as assignees, was barred by limitation. The reason for much of the delay appears to have been the pendency of the action against Cady & Co. This was a sound prudential reason why the assignees should not care to prosecute this suit, because they could have but one recovery, and might be wasting the assets; but it was not a legal reason between plaintiff and defendant, because they were bound to find out, as other litigants do, which suit they should prosecute, and to proceed diligently with that.

Motion to amend denied. Bill dismissed, without costs.